■ Susan P. Klat, Respondent, v Alan J. Klat, Appellant. —In an action for a divorce, the defendant husband appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Winick, J.), dated September 8, 1989, as awarded custody of the parties' son Yale to the plaintiff wife, and (2) so much of a judgment of the same court, dated April 12, 1990, as awarded custody of the parties' son Yale to the plaintiff wife.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The parties were married on August 23, 1970. They have three children—Alicia, Noah and Yale who were 17, 14 and 8 years old, respectively, at the time of the trial. The trial court, applying the best interests of the child standard, awarded custody of Alicia and Yale to their mother and awarded custody of Noah to his father. At issue on this appeal is custody of the parties' youngest child, Yale.

"In determining whether a custody award should be modified, the paramount issue before the court is whether the totality of the circumstances warrants a modification in the best interests of the child * * * Courts making custody determinations have to weigh several factors of varying degrees of importance, including the original placement of the child, the length of that placement, the child's desires, the relative fitness of the parents and any abduction, elopement or defiance of legal process * * * In addition, the court must look to the quality of the home environment, the parental guidance given the child, the parent's financial status, his or her ability to provide for the child's emotional and intellectual develop-

ment, and the presence of siblings" *(Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449).

The evaluation of the various factors to be taken into account in deciding a custody question is best made by the trial court which is in the most advantageous position to evaluate the testimony, character, and sincerity of the parties *(see, Eschbach v Eschbach,* 56 NY2d 167). Custody matters are ordinarily within the discretion of the trial court and its findings are entitled to the greatest respect *(see, Matter of Irene O.,* 38 NY2d 776, 777), unless they lack a sound and substantial basis in the record *(see, Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

Contrary to the appellant's claim, a review of the trial court's decision indicates that it gave careful consideration to the foregoing factors. In deciding to award custody of Yale to his mother, the court relied on the fact that Yale, who was only eight years old at the time, was obviously attached to his mother and required constant attention which, the court found, was beyond the capacity of his father to provide on a full-time basis. The record supports this finding. Dr. Klat is a full-time school psychologist who also has a private practice which takes him away from home two or three nights a week. Additionally, he is heavily involved in sporting activities on the weekends. Mrs. Klat, on the other hand, is a full-time mother and homemaker who works only intermittently as a substitute teacher, which affords her substantial flexibility to accommodate Yale's schedule and renders her better able to devote the time and attention necessary to care for him *(see, Lenczycki v Lenczycki,* 152 AD2d 621, 623).

The court also indicated that while Yale, at the time of the trial, expressed a preference to live with his father, he was far more equivocal in this regard than his brother and appeared to have been pressured by his father's and his brother's urgings. The court also noted that the preferences of an eight-year old should not be followed per se. Thus, the court properly based its decision on Yale's age and maturity and that influence had been exerted over him *(see, Eschbach v Eschbach, supra,* at 173; *O'Connor v O'Connor,* 146 AD2d 909, 911). Moreover, the record reveals that, on other occasions, Yale has said that he loves both of his parents and would be happy to live with either one.

The court repeatedly recognized the inadvisability of separating siblings, but found that the circumstances of this case dictate such a result. In general, while the courts of this State discourage the separation of siblings *(see, Eschbach v Esch-*

*bach, supra; Matter of Ebert v Ebert,* 38 NY2d 700), a split custody determination has been recognized as proper when, as here, " 'the best interests of each child lies with a different parent' " *(Matter of Bilodeau v Bilodeau,* 161 AD2d 906, 907; *Wurm v Wurm,* 87 AD2d 590, 591).

With regard to Noah, the experts agreed that he has shown significant improvement under his father's care and that it would be psychologically disastrous to return him to his mother. Yale's relationship with his mother, on the other hand, has not been fraught with the difficulties that his brother's has. Furthermore, the separation of the brothers for several months prior to trial appears to have been well received by them *(see, Bistany v Bistany,* 66 AD2d 1026). Noah visits his mother's house after school several times a week to play with Yale in addition to seeing his brother during court-ordered visitation.

Yale is a young child who has resided with his mother since birth *(see, Aberbach v Aberbach,* 33 NY2d 592, 593; *see also, Sandman v Sandman,* 64 AD2d 698). Under the circumstances of this case, the stability and continuity which she is able to provide, because of her accessibility, militates against disrupting Yale's life by transferring custody to his father *(see, Jacobs v Jacobs,* 117 AD2d 709, 711).

We have considered the appellant's remaining contentions and find that they do not warrant reversal. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.