■ In the Matter of ELLEN K., Respondent, v JOHN K. et al., Appellants. (And Another Title.)—In consolidated child custody proceedings pursuant to Family Court Act article 6, the father, paternal grandmother, and paternal stepgrandfather appeal from an order of the Family Court, Rockland County (Stanger, J.), dated June 11, 1990, which, after a hearing, denied their petition for joint custody of the child, and granted the mother's cross petition for sole custody.

Ordered that the order is affirmed, without costs or disbursements.

The subject of this custody proceeding is six-year-old Rebecca K., who was born on May 22, 1986. Rebecca's parents Ellen and Michael K. separated shortly after her birth, and for most of the first year of her life she lived solely with her mother and her maternal grandmother. During the summer of 1987, Rebecca's parents briefly reconciled, and moved into a bungalow apartment with their child. However, during this period both parents were heavily involved in alcohol and drug abuse. Realizing that they could not properly care for their daughter, in November 1987 Ellen and Michael mutually agreed to place Rebecca in the care of her paternal grandmother and stepgrandfather, Rose and John K. (hereinafter the paternal grandparents). Michael, who had sustained injuries in a work-related accident and was unemployed, also moved in with his mother and stepfather and assisted them with Rebecca's care.

On October 18, 1988, approximately one year after Michael and Ellen voluntarily placed Rebecca in the care of Rebecca's paternal grandparents, the custody arrangement was formalized when, upon consent of the parents, the Family Court entered an order granting custody of the child to the paternal grandparents. The order provided, however, that Ellen could reapply for custody after June 7, 1989. Thereafter, on or about

September 22, 1989, Michael, joined by the paternal grandparents, filed a petition seeking joint custody of Rebecca, and Ellen subsequently cross-petitioned for sole custody.

During the ensuing custody hearing, credible evidence was presented to establish that Ellen, despite a long-standing substance abuse problem, had successfully completed a required rehabilitation program. In addition, her efforts to reinstate her license to practice nursing had succeeded and she had secured employment at a hospital. She had also progressed to the extent that she could live independently and maintain her own apartment.

Following the conclusion of the custody hearing, the Family Court determined that it was in Rebecca's best interest to transfer custody to Ellen, and to award liberal visitation to Michael and the child's paternal grandparents. In its decision and order, the court cited Ellen's commendable initiative and efforts in "turn[ing] her life around" which it contrasted to Michael's apparent lack of initiative, noting that he had remained unemployed and sought neither drug treatment, schooling, nor retraining for new employment during the same four-year time frame. The court thus concluded that as between the parents of this child, Ellen was presently the most suitable custodian. The court further concluded that since Ellen was a fit parent and had not abandoned the child, her right to custody was superior to that of the child's paternal grandparents. We now affirm.

It is well established that the preeminent concern in child custody matters is the best interest of the child (see, *Linda R. v Richard E.,* 162 AD2d 48, 53; *Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Friederwitzer,* 55 NY2d 89; *Bonheur v Bonheur,* 138 AD2d 441). Inasmuch as neither parent has a prima facie right to custody (see, Domestic Relations Law §§ 70, 240; Family Ct Act §§ 651, 652; *Bluemke v Bluemke,* 155 AD2d 574, 575), the court must conduct a comprehensive hearing and carefully consider all applicable factors in determining the child's best interests under the prevailing conditions (see, *Eschbach v Eschbach, supra,* at 171-174; *Lenczycki v Lenczycki,* 152 AD2d 621, 622).

In a proceeding such as the instant one to modify a custody award, the paramount issue remains whether the totality of the circumstances warrants a modification in the best interests of the child, and again the court must weigh several factors of varying degrees of importance in reaching its determination (see, *Klat v Klat,* 176 AD2d 922). Among those factors pertinent to the present proceeding are (1) the original

placement of the child because of the stability it assures in the child's life *(see, Eschbach v Eschbach, supra,* at 171; *Matter of Nehra v Uhlar,* 43 NY2d 242, 251), which factor is a weighty but not absolute or conclusive one, (2) the relative fitness of the parents *(see, Klat v Klat, supra),* (3) the quality of the home environment, (4) the parental guidance given the child, (5) the parent's financial status, and (6) the parent's ability to provide for the child's emotional and intellectual needs *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v Eschbach, supra,* at 172; *Klat v Klat, supra,* at 922-923; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449; *see also, Matter of Krebsbach v Gallagher,* 181 AD2d 363). In each of these categories, Ellen measures up to the standard of fitness required and is more suitable as a custodian than the father.

We further find that Ellen's claim to custody preempts that of the child's paternal grandparents, who, although they have exercised some control over the child with the parents' consent, are nevertheless nonparent-third parties *(see, Matter of Ronald FF. v Cindy GG.,* 70 NY2d 141, 144, citing *People ex rel. Kropp v Shepsky,* 305 NY 465, 468-469). In this regard, we note that it is presumptively in a child's best interest to be raised by a parent, where, as here, the court has determined that the parent is fit and that she has not abandoned the child *(see,* Family Ct Act §§ 614, 651; *Matter of Bennett v Jeffreys,* 40 NY2d 543, 549; *see also, Matter of Ronald FF. v Cindy GG., supra,* at 144; *Matter of Spence-Chapin Adoption Serv. v Polk,* 29 NY2d 196, 204; *Matter of Bisignano v Walz,* 164 AD2d 317, 318).

The appellants' remaining contentions are unpreserved for appellate review *(see, Lichtman v Grossbard,* 73 NY2d 792, 794; *Macina v Macina,* 60 NY2d 691; *Matter of Warne v Warne,* 120 AD2d 911, 912) and, in any event, without merit. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.