■ In the Matter of ELIZABETH FLOURNOY, Appellant, v JAMES PORTER, Respondent.—In a proceeding pursuant to Family Court Act article 6, the petitioner mother appeals, as limited by her brief, from so much of an order of the Family Court, Queens County (Friedman, J.), dated September 19, 1990, as set a liberal visitation schedule for the father pursu-

ant to a stipulation of the parties, and which directed "that neither party may remove the child more than 100 miles from New York City without the prior written consent of the other party or an order of this court or another court of competent jurisdiction authorizing said relocation".

Ordered that the order is modified, on the law, by deleting the thirteenth decretal paragraph thereof which directed that neither party remove the child more than 100 miles from New York City without the prior written consent of the other party or upon court order; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

It is well settled that the law favors stipulations of settlement, particularly those which, as here, are read into the record in open court with all the parties represented by counsel. These agreements will not be lightly set aside absent a cause sufficient to invalidate a contract such as fraud, collusion, mistake or accident (see, Freidus v Eisenberg, 71 NY2d 981; Matter of Nicastro, 150 AD2d 454). As both parties entered into a stipulation incorporating their agreement as to the visitation schedule on the record in open court and indicated their agreement thereto, and there is no allegation that this agreement was the product of fraud or overreaching, the visitation schedule was properly made and should not be set aside.

However, we find that the geographic limitation imposed by the court herein was premature, as this issue was not resolved by the stipulation and there was no indication that the mother intended to remove the child from the jurisdiction. Thus, the court acted in excess of its authority when it altered the terms of the visitation agreement through the premature insertion of the geographic limitation provision (see, Trump v Trump, 179 AD2d 201, 205; Matter of Heinzman v Zeilinski, 127 AD2d 594; Reinfurt v Reinfurt, 67 AD2d 968). Should the mother seek to remove the child to a location which would interfere with the father's visitation rights, she would have to move for modification of the order appealed from. Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.