■ BEN Z. KUNCMAN, Respondent, v DANUTA K. KUNCMAN, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered February 23, 1979, the defendant mother appeals from a judgment of the Supreme Court, Nassau County (O'Shaughnessy, J.), entered April 26, 1990, which, after a hearing, granted the plaintiff father's application to modify the judgment of divorce by transferring custody of the parties' son from the mother to the father.

Ordered that the judgment is affirmed, with costs.

On appeal, the defendant mother argues that the court lacked a basis to modify the divorce judgment to award custody of the parties' son to the father. We disagree.

In determining whether a custody award should be modified, the paramount issue before the court is whether the totality of the circumstances warrants a modification in the best interests of the child (see, Friederwitzer v Friederwitzer, 55 NY2d 89; Matter of Ellen K. v John K., 186 AD2d 656; Klat v Klat, 176 AD2d 922; Matter of Robert T. F. v Rosemary F., 148 AD2d 449). Courts making such custody determinations weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, and (8) his or her ability to provide for child's emotional and intellectual development (see, Matter of Louise E. S. v W. Stephen S., 64 NY2d 946; Eschbach v Eschbach, 56 NY2d 167; Friederwitzer v Friederwitzer, supra; Matter of Ellen K. v John K., supra.; Klat v Klat, supra; Matter of Robert T. F. v Rosemary F., supra).

Further, any custody determination depends to a very great extent upon the court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties (see, Eschbach v Eschbach, supra; Klat v Klat, supra; Matter of Robert T. F. v Rosemary F., supra). Therefore, since the hearing court is in the most advantageous position to evaluate the witnesses' testimony, the findings of the hearing court are generally accorded great respect on appeal (see, Eschbach v Eschbach, supra; Klat v Klat, supra; Matter of Robert T. F. v Rosemary F., supra), and will not be disturbed unless they lack a sound and substantial basis in the record (see, Klat v Klat, supra).

We find that the court weighed the appropriate factors and thereupon properly modified the divorce judgment to award custody to the father. The record clearly supports the court's conclusion that the mother was unable to provide for her child's emotional and intellectual needs, and thus, a transfer of custody was in the child's best interests.

We have considered the mother's remaining contention and find that it is without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.