In the Matter of WILLIAM R. SULLIVAN, Respondent, v DIANA M. SULLIVAN, Appellant.—In a child custody proceeding pursuant to Family Court Act article 6, the wife appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Ludmerer, J.), entered August 30, 1991, as, after a hearing, transferred custody of the children to the petitioner husband.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the husband's petition for sole custody of the children is denied upon the condition that the wife relocate to the school bus district where the children currently attend private school, and maintain her daughter's enrollment in her present school.

The parties were married on March 28, 1981, and have two children: Jodi-Lynn, born on August 22, 1981, and Daniel, born on August 13, 1986. The parties separated in April 1990, and on June 25, 1990, they stipulated in court to joint custody with the wife to have physical custody of the children. One month later, alleging interference with his visitation rights and other changed circumstances, the husband brought the instant petition seeking sole custody of the children. After a hearing which extended over a five-month period, the Family Court found that the best interests of the children warranted a change in custody. This appeal by the wife ensued.

Where, as in the present case, the parties have entered into an agreement as to which party should have custody, "[p]riority, not as an absolute but as a weighty factor, should, in the absence of extraordinary circumstances, be accorded" to that agreement *(Matter of Nehra v Uhlar,* 43 NY2d 242, 251). A change in custody should be made by the court only when "the totality of the circumstances warrants a modification in the best interests of the child" *(Klat v Klat,* 176 AD2d 922; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449). Among the factors to be considered in reaching a custody determina-

tion which promotes the best interest of the child are "the original placement of the child, the length of that placement, the child's desires [and] the relative fitness of the parents" *(Klat v Klat, supra,* at 922). Moreover, "the court must look to the quality of the home environment, the parental guidance given the child, the parent's financial status, his or her ability to provide for the child's emotional and intellectual development, and the presence of siblings" *(Klat v Klat, supra,* at 922; *see also, Matter of Williams v Williams,* 188 AD2d 906). Since any such determination depends largely upon an assessment of the credibility and character of all the parties involved, the trial court's findings must be accorded great respect on appeal *(see, Eschbach v Eschbach,* 56 NY2d 89; *Matter of George W. S. v Donna S.,* 187 AD2d 657). Nevertheless, "[a]n appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody determination to stand where it lacks a sound and substantial basis in the record" *(Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

Although the record demonstrates that both the husband and wife are concerned and loving parents, at the hearing the wife testified that she intended to relocate to Hyde Park, New York, and that the move would require removing Jodi-Lynn from the private school she had attended since kindergarten because the wife's new home was located outside of the school bus district. The Family Court relied almost exclusively upon this factor in awarding sole custody of the children to the husband, concluding that the proposed relocation and change in school would be detrimental to Jodi-Lynn "in light of the turmoil caused by the parental breakup".

The expert testimony presented at the hearing indicates that Jodi-Lynn is a sensitive and impressionable child who has suffered anxiety and depression as a result of her parents' separation and the custody dispute. Since it is clear that Jodi-Lynn is happy and feels secure in the small private school she has been attending, we agree with the Family Court that the wife's move to Hyde Park was unnecessarily disruptive, and that it is in Jodi-Lynn's best interest to remain enrolled in her present school. However, we find that it would be in the best interest of both children to continue to reside with the wife, who has been their primary caretaker since their birth. While both parents are capable of providing the children with a proper home environment, the husband is employed by the New York State Bridge Authority, and works from 3:00 P.M. to 11:00 P.M. three or four days per week, and from 8:00 A.M. to 4:00 P.M. on alternate weekends. The husband thus acknowl-

edged that he would be at work "four out of five days" when Jodi-Lynn arrived home from school, and would not arrive home from work until 11:15 P.M. In contrast, the wife is employed part-time and has flexible work hours, which will allow her to devote more time to the care of the children *(see, Nolfo v Nolfo,* 188 AD2d 451; *Klat v Klat, supra)*. It is significant to note that, just one month prior to the date of the husband's petition, the parties agreed to share joint custody of the children, with the wife to have primary physical custody *(see, Matter of Schouten v Schouten,* 155 AD2d 461). Upon the exercise of our broad review powers in custody matters *(see, Nolfo v Nolfo, supra),* we find that Family Court's award of sole custody to the husband is not supported by a sound and substantial basis in the record. Under the totality of the circumstances presented in this case, the best interests of the children would be served by denying the husband's application for sole custody, and restoring joint custody, with primary physical custody of the children to the wife, upon the condition that she return to the school bus district where the children currently attend private school, and maintain Jodi-Lynn's enrollment in her present school. Thompson, J. P., Lawrence, Eiber and O'Brien, JJ., concur.