■ NANCY L. MANGELS, Appellant, v THOMAS R. MANGELS, Respondent. [602 NYS2d 193] —In a matrimonial action in which the parties were divorced by judgment entered October 11, 1989, the wife appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated August 16, 1990, as denied her cross motion to resettle the judgment of divorce with respect to visitation and a permanent order of protection, and denied her application for counsel fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well-settled that a stipulation of settlement entered into by spouses in contemplation of divorce is a contract subject to principles of contract interpretation (see, Bottitta v Bottitta, 194 AD2d 510). The parties unambiguously expressed their intention that the father have visitation with their son on Tuesday, overnight into and including Wednesday, and on the immediate subsequent Saturday, into and including Sunday, with each such two-day visitation occurring on alternating weeks. Thus, a Tuesday-Wednesday visitation could not be had until 14 days after the beginning of the preceding Tuesday-Wednesday visitation. Similarly, the father may not have a weekend visitation until two weeks have passed since the beginning of the last weekend visitation. The parties obviously contemplated that the father have an average visitation of approximately eight days a month. According to the plain language of the agreement, Tuesday-Wednesday visitation will be followed by a weekend visit only two days later (after Thursday and Friday have passed), but the father will then have to wait another eight days (Monday through Monday) until he is entitled to his next visit on Tuesday and Wednesday.

We also conclude that the court acted properly in denying the wife's request for attorney's fees. There was no showing that the wife was unable to contribute towards her own

counsel fees, and the relief that the wife sought was not due to any misconduct by the husband (see, Falcone v Falcone, 112 AD2d 796; Baynon v Baynon, 111 AD2d 733; Mann v Wasserberger, 65 AD2d 717).

The court did not improvidently exercise its discretion in setting a time limit to the order of protection inasmuch as Domestic Relations Law § 240 provides that the order of protection specify a time (see, Matter of Iadeluca v Iadeluca, 28 AD2d 1141). Rosenblatt, J. P., Lawrence, O'Brien and Copertino, JJ., concur.