■ In the Matter of CRAIG FIALKOWSKI, Respondent, v PAULA M. GILROY, Also Known as PAULA M. ELLIOT, Appellant. [607 NYS2d 50] —In a child custody and visitation proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Abrams, J.), dated May 28, 1993, which, after a hearing, granted the petition and transferred custody of the parties' child from her to the petitioner father, and set a visitation schedule for her pursuant to a stipulation of the parties.

Ordered that so much of the order as transferred custody to the father is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order as set a visitation schedule is dismissed, without costs or disbursements.

On appeal, the mother argues that the court lacked a basis to transfer custody of the parties' six-year-old son to the petitioner father. We disagree. In determining whether a custody award should be modified, the paramount issue before the court is whether the totality of the circumstances warrants modification in the best interests of the child *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Lobo v Muttee,* 196 AD2d 585; *Matter of Sullivan v Sullivan,* 190 AD2d 852; *Kuncman v Kuncman,* 188 AD2d 517, 518; *Matter of Ellen K. v John K.,* 186 AD2d 656; *Klat v Klat,* 176 AD2d 922; *Matter of Robert T. F. v Rosemary F.,* 148 AD2d 449). The factors the hearing court must consider in reaching a custody determination that promotes the best interests of the child include, *inter alia,* the original placement of the child and the length of that placement, which are weighty but not absolute or conclusive factors *(see, Matter of Ellen K. v John K., supra),* the child's desires, the relative fitness of the parents, any abduction or defiance of legal process, the quality of the home environment, the parental guidance given the child, the parent's financial status, the parents' ability to provide for the child's emotional and intellectual development, and the presence of sibling relationships, which the court should not interrupt unless there is an overwhelming need to do so *(see generally, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v Eschbach,* 56 NY2d 167, 172-173; *Friederwitzer v Friederwitzer, supra; Matter of Lobo v Muttee, supra; Matter of Ellen K. v John K., supra; Klat v Klat, supra; Matter of Robert T. F. v Rosemary F., supra; see also, Matter of Krebsbach v Gallagher,* 181 AD2d 363, 365).

Since any such determination depends largely upon an assessment of the credibility, character, temperament, and sincerity of all the parties involved, the hearing court's findings must be accorded great respect on appeal *(see, Eschbach v Eschbach, supra; Matter of Sullivan v Sullivan, supra; Klat v Klat, supra; Matter of Robert T. F. v Rosemary F., supra),* and will not be disturbed by an appellate court unless the findings lack a sound and substantial basis in the record *(see, Matter of Sullivan v Sullivan, supra; Klat v Klat, supra; Matter of*

*Robert T. F. v Rosemary F., supra; Matter of Gloria S. v Richard B.,* 80 AD2d 72, 76).

We find that the court weighed the appropriate factors and, thereupon, properly transferred custody of the child to the father. The record clearly supports the court's conclusion that the father was able to better provide for the child's emotional needs and stability. Accordingly, a transfer of custody was in the child's best interests.

Furthermore, we note that the mother's appeal from so much of the order as set a visitation schedule, which was made pursuant to the parties' agreement, must be dismissed, because the appellant was not aggrieved thereby *(see,* CPLR 5511; *Kalra v Kalra,* 170 AD2d 579). In any case, it is well settled that the law favors stipulations of settlement, particularly those which, as here, are read into the record in open court with all the parties represented by counsel. These agreements will not be lightly set aside absent a cause sufficient to invalidate a contract, such as fraud, collusion, mistake, or accident *(see, Freidus v Eisenberg,* 71 NY2d 981; *Matter of Flournoy v Porter,* 188 AD2d 465, 466). Both parties entered into the stipulation in open court and indicated their agreement thereto, and there is no allegation that the agreement was the product of fraud or overreaching.

We have considered the mother's remaining contention and find that it is without merit. Rosenblatt, J. P., Ritter, Copertino and Joy, JJ., concur.