■ In the Matter of TREVOR JOHNSON, Respondent, v REBECCA F. JOHNSON, Appellant. [609 NYS2d 81] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from so much of an order of the Family Court, Kings County (Ambrosio, J.), dated April 2, 1993, as, after a hearing, awarded permanent custody of the parties' four-year-old daughter to the father.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the mother is awarded permanent custody of the parties' four-year-old daughter, and the matter is remitted to the Family Court, Kings County, for a determination of a visitation schedule for the father.

The parties' judgment of divorce, dated April 16, 1990, awarded custody of their two daughters to the mother. Based primarily on the older daughter's claim that her mother left the two daughters home alone on the night of March 20, 1992, which is not fully substantiated or resolved in the record, the father petitioned for temporary custody of the daughters. After a hearing on the issue of temporary custody, the court appointed a psychologist, recognized for her expertise in cus-

tody and visitation matters, to conduct an investigation and prepare a report on the question of the permanent custody of the children. In the interim, the father was given temporary custody, with visitation rights to the mother.

After an intensive investigation, the psychologist recommended that the court split the custody arrangements between the parties, permitting the older daughter to remain with her father, as she desired. In spite of the sisters' close relationship and a preference for keeping siblings together, in a thorough and carefully reasoned 22-page report, the psychologist concluded that the mother would be a more fit custodian for the younger daughter. She explained, among other things, that the four-year-old had closely bonded with her mother, with whom she had spent the first three and one-half years of her life. Moreover, the mother allowed the daughter to freely express and develop her emotional and intellectual capacities, whereas the father was more didactic and demanded compliance, even if indirectly.

The law recognizes that it is often desirable and in a child's best interests to continue to live with siblings. While this is an important factor for the court to consider, it is not determinative of the issue of custody (see, Eschbach v Eschbach, 56 NY2d 167). A split custody determination has also been recognized as proper when, as here, the best interests of each child would be served by granting custody of each child to a different parent (see, Klat v Klat, 176 AD2d 922, 923-924; Matter of Bilodeau v Bilodeau, 161 AD2d 906, 907; Wurm v Wurm, 87 AD2d 590, 591). In making its determination, the court placed undue reliance on the perceptions and desires of the older daughter, which then became the basis for awarding custody to the father on the principle that it is desirable to keep siblings together. Moreover, the court ignored other factors cited by the courts that are particularly pertinent to this case, i.e., the child's original placement and each parent's ability to provide for the child's emotional and intellectual needs (see, Eschbach v Eschbach, supra, at 171; Matter of Nehra v Uhlar, 43 NY2d 242, 251; Matter of Lobo, 196 AD2d 585; Klat v Klat, supra, at 922-923).

Accordingly, the court's determination lacks a substantial basis in the record (see, Matter of Sullivan v Sullivan, 190 AD2d 852; Matter of Gloria S. v Richard B., 80 AD2d 72, 76), and is reversed. Rosenblatt, J. P., Lawrence, Altman and Goldstein, JJ., concur.