■ In the Matter of PAUL SETH G., Respondent, v ANTOINETTE M. et al., Appellants. [643 NYS2d 592] —In a child custody proceeding pursuant to Family Court Act article 6, the appeal is from (1) a decision of the Family Court, Nassau County (Feiden, J.), dated November 13, 1995, and (2) an order of the same

court entered November 30, 1995, which granted the father's petition for a change in custody of his child from the maternal grandparents to him.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.*, 100 AD2d 509); and it is further,

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, and the petition is denied.

The subject of this custody proceeding is five-year-old Melissa G., who was born on November 16, 1990. In October 1991 her mother was found murdered in her home in Queens. In a judgment dated March 26, 1993, the Supreme Court, Queens County (Graci, J.), awarded the maternal grandparents custody of Melissa. The Supreme Court found that the father's history of domestic violence and spousal abuse constituted extraordinary circumstances requiring the consideration of the best interests of the child, justifying placement of the child with her maternal grandparents rather than her father (*see, Matter of Bennett v Jeffreys*, 40 NY2d 543; *see also, Matter of Male Infant L.*, 61 NY2d 420). In addition, the Supreme Court found that there was a genuine danger of physical and emotional harm to Melissa if she was to be placed in her father's custody and it was in the child's best interests for the maternal grandparents to be awarded custody. This Court affirmed the Supreme Court's judgment (*see, Matter of Antionette M. v Paul Seth G.*, 202 AD2d 429).

In January 1995 the father petitioned for custody of Melissa based on allegations of changed circumstances. At the hearing, the father introduced evidence that he had resolved his prior faults through "self-help" and discussions with his parents. However, the father continually denied that he had ever committed any act of domestic violence. Following the hearing, the court granted the petition, finding that the father "appears to have altered both himself and the situation in a very positive manner".

We recognize that a hearing court's determination should be accorded great deference on appeal, as it had the opportunity to assess the witnesses' demeanor and credibility (*see, Matter of Lobo v Muttee*, 196 AD2d 585, 587; *Matter of Krebsbach v Gallagher*, 181 AD2d 363, 364). Nevertheless, the authority of this Court is as broad as that of the hearing court (*see, Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946), and we would be seriously remiss if we allowed a custody determination to stand which lacks a sound and substantial basis in the record (*see,*

*Matter of Sullivan v Sullivan,* 190 AD2d 852, 854; *Matter of Lobo v Muttee, supra; Matter of Krebsbach v Gallagher, supra).* The evidence does not support the hearing court's determination to award custody to the father.

It is well established that a change in custody should be made only if the totality of the circumstances warrants a change that is in the best interests of the child (*see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Krebsbach v Gallagher, supra).* Along with the factors considered in any custody determination, the court must also consider the stability and continuity afforded by maintaining the present arrangement (*see, Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Krebsbach v Gallagher, supra).*

Here, the father failed to establish a change in circumstances to warrant a change in custody. Although the father claimed he was a changed man, he never received any psychiatric or psychological treatment for his problems. Moreover, he failed to admit that he had ever committed any acts of domestic violence. Thus, there was sufficient evidence to establish that the child's physical and emotional well-being could continue to be in danger if her father was awarded custody. On the other hand, it is undisputed that the maternal grandparents have provided excellent care for the child since her mother's death. Accordingly, under the totality of the circumstances presented in this case, the best interests of the child would be served by denying the father's application for custody. Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.