■ JANICE M. LAZICH, Respondent, v WILLIAM J. LAZICH, Appellant. [650 NYS2d 606] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered July 7, 1995, as denied those branches of his motion which were to vacate a stipulation as to child custody entered into in open court on July 12, 1994, and a stipulation as to child visitation entered into in open court on July 14, 1994, to remove the Westchester Jewish Community Services from any further involvement with the parties, to appoint Dr. Arthur Green to conduct theraputic visitation, to replace the law guardian, and to direct that the parties engage in joint decision-making with respect to the children.

Ordered that the order is affirmed, without costs or disbursements.

Stipulations of settlement are favored by the courts and are not to be lightly set aside *(see, Hallock v State of New York,* 64 NY2d 224, 230; *Sontag v Sontag,* 114 AD2d 892; *Harrington v Harrington,* 103 AD2d 356). Stipulations concerning visitation are to be enforced in the absence of fraud, duress, mistake or overreaching, etc. *(see, Matter of Fialkowski v Gilroy,* 200 AD2d 668; *Mangels v Mangels,* 197 AD2d 505; *Matter of Flournoy v Porter,* 188 AD2d 465). Here, the appellant failed to establish the existence of any ground to vacate the parties' stipulation concerning visitation. Further, he does not argue that the stipulation concerning custody was not in the best interests of the children *(see, Eschbach v Eschbach,* 56 NY2d 167; *Friederwitzer v Freiderwitzer,* 55 NY2d 89; *Matter of Carl J. B. v Dorothy T.,* 186 AD2d 736). Moreover, although it appears that the appellant is correct that the agency initially charged with implementing the agreed-upon therapeutic visitation proved

unable or unwilling to perform that service, we note that a subsequent order of the Supreme Court replaced that agency with a therapist of the appellant's choosing.

The appellant's remaining contentions are either not properly before this Court or without merit. O'Brien, J. P., Sullivan, Krausman and Luciano, JJ., concur.