■ JOHN M. CONTI, Respondent, v LORI ENDRES CONTI, Appellant. [657 NYS2d 922] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Rockland County (Miller, J.), dated January 29, 1996, as denied her motion to vacate a stipulation which provided for unsupervised visitation by the plaintiff husband with the parties' children which was entered into in open court on December 13, 1995.

Ordered that the order is affirmed insofar as appealed from, with costs.

Stipulations of settlement are favored by the courts and are not to be lightly set aside (see, Lazich v Lazich, 233 AD2d 424; Doppelt v Doppelt, 215 AD2d 715; Matter of Fialkowski v Gilroy, 200 AD2d 668, 670; see also, Hallock v State of New York, 64 NY2d 224, 230; Matter of Galasso, 35 NY2d 319, 321; Sontag v Sontag, 114 AD2d 892, 893; Harrington v Harrington, 103 AD2d 356, 359). Although the best interests of the child or chil-

dren are always paramount *(see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-94; *see also, Glauber v Glauber,* 192 AD2d 94, 97), stipulations concerning visitation are to be enforced in the absence of fraud, duress, mistake, or overreaching *(see, Lazich v Lazich, supra,* citing *Matter of Fialkowski v Gilroy, supra; Mangels v Mangels,* 197 AD2d 505; *Matter of Ellman v Nastasi,* 188 AD2d 465).

Here, the defendant wife has failed to demonstrate the existence of any ground to vacate the parties' stipulation concerning unsupervised visitation. The record supports the trial court's finding that the defendant wife, who was represented by counsel, voluntarily and knowingly entered into the stipulation, notwithstanding her expressed reservations. Further, the defendant wife has not alleged any specific facts that constitute legal duress *(see, e.g., Sontag v Sontag, supra,* 114 AD2d, at 893). Moreover, we agree with the Supreme Court that the stipulation was fair and reasonable and was not in contravention of what was in the best interests of the children.

The defendant wife's remaining contentions are without merit. O'Brien, J. P., Altman, Friedmann and Krausman, JJ., concur.