■ In the Matter of NANDO PLATE, Respondent, v ANDREA PLATE, Appellant. [694 NYS2d 137] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of a revised order of the Family Court, Orange County (Bivona, J.), entered May 20, 1997, as, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child.

Ordered that the revised order is affirmed insofar as appealed from, without costs or disbursements.

The mother's contention that the court erred when it conducted a hearing on the father's petition is without merit. When the parties appeared before the court on the father's petition, the mother's attorney requested "a full hearing, an evidentiary hearing". Having requested a hearing on the petition, the mother cannot now complain that the court erred in granting her request.

The Family Court weighed the appropriate factors and properly granted sole legal and physical custody of the child to the father. The record supports the court's conclusion that the father was able to better provide for the child's emotional needs and stability. Accordingly, it was in the child's best interests for the court to award sole legal and physical custody to the father (*see, Friederwitzer v Friederwitzer,* 55 NY2d 89; *Matter of Fialkowski v Gilroy,* 200 AD2d 668). We note that the court granted the mother very liberal visitation. Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.