■ In the Matter of LISA GRIFFIN, Respondent, v SALVATORE SCOTT, Appellant. [756 NYS2d 437] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Sweeney, J.), dated April 25, 2002, as, after a hearing, denied his petition for a change of custody of the subject child from the mother to him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The best interests of the child are the paramount consider-

ation in making any award of custody (see *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Matter of Sullivan v Sullivan,* 190 AD2d 852 [1993]; *Matter of Ellen K. v John K.,* 186 AD2d 656 [1992]). Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the trial court's findings (see *Eschbach v Eschbach,* 56 NY2d 167 [1982]; *Matter of Sullivan v Sullivan, supra*). Its findings "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). Contrary to the appellant's contentions, the Family Court's determination has a sound and substantial basis.

Moreover, the Family Court was not required to follow the recommendations of the forensic examiner and the Law Guardian (see *Berstell v Krasa-Berstell,* 272 AD2d 566 [2000]; *Matter of Hopkins v Wilkerson,* 255 AD2d 319 [1998]). The Family Court did not arbitrarily disregard the expert opinion offered in this case (see *Young v Young,* 212 AD2d 114 [1995]). Rather, its reasons for rejecting the recommendations were fully explained and its reasoning is supported by the record (see *Matter of Hopkins v Wilkerson, supra*). Goldstein, J.P., Adams, Townes and Crane, JJ., concur.