■ In the Matter of JEREMIAH MILLAN, Appellant, v BEATRICE VARGAS, Respondent. [772 NYS2d 849]—In related custody proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Kings County (Goldstein, R.), dated March 14, 2002, as, after a hearing, denied his petitions seeking a modification of custody.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that in determining the issue of parental custody of a child, the primary concern is the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). In determining whether a custody agreement should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interest of the child (*see Eschbach v Eschbach, supra; Teuschler v Teuschler,* 242 AD2d 289, 290 [1997]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the Family Court's findings (*see Eschbach v Eschbach, supra*). Its findings "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman, supra* at 518).

Contrary to the father's contentions, the Family Court did not err in denying his petitions seeking modification of the existing custody order. The father failed to meet his burden of establishing a change in circumstances such that modification is necessary to ensure the continued best interests of the child.

Since the Family Court's determination has a sound and substantial basis in the record it will not be disturbed.

The father's remaining contentions are without merit. Altman, J.P., Krausman, H. Miller and Cozier, JJ., concur.