■ In the Matter of LUCRETIA ORTIZ, Appellant, v GINA ORTIZ, Respondent. [776 NYS2d 572]—

In a child custody proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals, as limited by her brief, from so much of an order of the Family Court, Kings

County (Freeman, J.), dated May 25, 2001, as, after a hearing, granted the mother's petition for custody.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The child who is the subject of the instant proceeding was born in July 1996. At the time, the mother was 16 years old. In September 1996 the appellant, the child's maternal grandmother, commenced a proceeding pursuant to article 6 of the Family Court Act seeking custody of the child. On February 4, 1997, the Family Court issued an order awarding custody of the child to the appellant and her husband, on consent of the parties, and awarding the mother unsupervised visitation, at specified times, with the child.

In June 2000, the mother, then 20 years old, filed a petition for modification of the order of custody, seeking full custody of the child, who was then almost four years old. The petition alleged that there had been a change of circumstances, namely that the mother had completed high school, and would soon graduate from business school and begin working. Following a hearing, by which time the mother became employed, the Family Court granted the petition and awarded the mother custody of the child. We affirm.

Contrary to the appellant's contentions, there is a sound and substantial basis for the Family Court's determination that it was in the child's best interests to award custody to the mother (*see Eschbach v Eschbach,* 56 NY2d 167, 174 [1982]; *Matter of Bryant v Nazario,* 306 AD2d 529 [2003]; *Matter of Griffin v Scott,* 303 AD2d 504, 505 [2003]; *Matter of Castellano v England,* 275 AD2d 412 [2000]). The mother relinquished custody of the child to the appellant when she was too young and immature to care for him, and demonstrated that she now possesses the ability to fulfill her maternal obligations (*see Matter of Ellen K. v John K.,* 186 AD2d 656 [1992]). Accordingly, the Family Court correctly awarded custody to the mother. Ritter, J.P., H. Miller, S. Miller and Crane, JJ., concur.