■ Courtney St. Clement, on Behalf of Taylor Ernest Casale, Appellant, v Gerald Casale et al., Respondents. [815 NYS2d 51]—

Orders, Supreme Court, New York County (Joan B. Lobis, J.), entered April 12, 2002, September 23, 2002, on or about April 29, 2004, August 26, 2004 and November 19, 2004, which, respectively, inter alia, denied petitioner mother's application for temporary custody of the subject child, confirmed a Special

Referee's report, denied her request to have the child evaluated by the Bellevue Hospital Child Protection Unit, denied her motion to renew, and denied her motion to subpoena the child's pediatrician; and order and judgment (one paper), same court and Justice, entered September 21, 2004, which, inter alia, awarded child support to respondent father Gerald Casale in the amount of $567 monthly, retroactive to April 16, 2001, the date of the judgment awarding the father custody, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the matter remanded for a hearing before Supreme Court in order to reevaluate the best interests of the child, as well as the issues of child support. Family Court, during the pendency of this appeal, and in response to a petition filed by the Administration for Children's Services naming petitioner and respondents herein as respondents in that proceeding, has appointed a law guardian to represent the interests of the child. That law guardian is directed to continue to represent the child for the purposes of the Supreme Court proceeding directed herein.

It is settled that the essential consideration in making an award of custody is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Faunteleroy v Mercado*, 5 AD3d 482, 482-483 [2004]), and a court may direct a change in custody if the totality of the circumstances warrants a modification and such a change is in the best interests of the child (*Matter of Mathis v Parkhurst*, 23 AD3d 923, 924 [2005]; *Matter of Dow v Dow*, 306 AD2d 529, 530 [2003]). Some of the factors to be considered include "the quality of the home environment, parental guidance, financial status and ability to provide for the child as well as the ability to provide for the emotional and intellectual development of the child" (*Matter of Luz Maria V.*, 23 AD3d 192, 193 [2005], *lv denied* 6 NY3d 710 [2006], citing *Eschbach*, 56 NY2d at 172). Moreover, the burden of establishing a change in circumstances requiring a modification of an existing custody order rests with the petitioner (*Matter of Martin R.G. v Ofelia G.O.*, 24 AD3d 305, 305-306 [2005]; *Matter of Millan v Vargas*, 5 AD3d 602 [2004]).

In this matter, we find troubling respondents' refusal, in the face of petitioner's allegations of abuse and sexual misconduct, to address the issue of the Web site postings in question, for if respondent Londa did, in fact, post these messages, a change in custody may very well be warranted. In addition, given the somewhat contradictory positions espoused by Dr. Prezioso, the child's pediatrician, both in support of, and in opposition to, petitioner's order to show cause, we find clarification of her

observations necessary in order to make an informed determination regarding the child's best interests. Finally, we remand the issue of child support to Supreme Court, for as Supreme Court acknowledged in its decision, its ability to review the referee's conclusions was circumscribed by the parties' failure to submit a transcript of the hearing, in violation of CPLR 4320. Concur—Friedman, J.P., Sullivan, Nardelli, Williams and Sweeny, JJ.