■ In the Matter of WILLIAM R. LIGHTBODY, Respondent, v IRENE LIGHTBODY, Appellant. [840 NYS2d 131]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Currier-Woods, J.), dated May 9, 2006, which, after a hearing, awarded physical custody of the subject children to the father.

Ordered that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof awarding physical custody of the minor child Alliana to the father, and substituting therefor a provision awarding physical custody of Alliana to the mother; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for determination of an appropriate visitation schedule for the father with Alliana.

A determination by the Family Court with respect to child custody should be accorded great deference on appeal, since the Family Court had the opportunity to assess the witnesses' demeanor and credibility (*see Matter of Lobo v Muttee,* 196 AD2d 585, 587 [1993]; *Matter of Krebsbach v Gallagher,* 181 AD2d 363, 364 [1992]). Nevertheless, the authority of this Court is as broad as that of the hearing court (*see Matter of Louise E.S. v W. Stephen S.,* 64 NY2d 946 [1985]), and a custody determination must not stand if it lacks a sound and substantial basis in the record (*see Matter of Sullivan v Sullivan,* 190 AD2d 852, 854 [1993]; *Matter of Lobo v Muttee, supra; Matter of Krebsbach v Gallagher, supra*). Here, the evidence does not support the Family Court's determination to award physical custody of Alliana to the father.

A change in custody should be made only if the totality of the circumstances warrants a change that is in the best interests of the child (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Matter of Krebsbach v Gallagher, supra*). Along with the factors

considered in any custody determination, the court must also consider the stability and continuity afforded by maintaining the present arrangement (*see Eschbach v Eschbach, supra; Friederwitzer v Friederwitzer,* 55 NY2d 89, 94 [1982]; *Matter of Paul Seth G. v Antoinette M.,* 227 AD2d 620 [1996]; *Matter of Krebsbach v Gallagher, supra*).

Here, it is in Alliana's best interests that the mother retain physical custody of her (*see Matter of Morgan v Becker,* 245 AD2d 889 [1997]; *Matter of Brown v Brown,* 236 AD2d 611 [1997]). The mother testified to the extensive arrangements she had made for Alliana's care, including the fact that Alliana attended the parochial school on the campus where the mother worked. Further, prior to separating, the parties had agreed that the mother was to care for Alliana and that Alliana would reside with the mother. The parties also agreed that their other minor child, Andrew, would continue to reside with the father at the marital residence, since Andrew had expressed a desire to remain in the same school and extracurricular programs as his friends. While courts should be reluctant to separate siblings (*see Eschbach v Eschbach, supra,* 56 NY2d at 173), there are circumstances in which "the best interests of each child lies with a different parent" (*Wurm v Wurm,* 87 AD2d 590, 591 [1982]; *see Matter of Delafrange v Delafrange,* 24 AD3d 1044 [2005]; *Matter of Maher v Maher,* 1 AD3d 987 [2003]; *Mitzner v Mitzner,* 209 AD2d 487 [1994]; *Matter of Johnson v Johnson,* 202 AD2d 584 [1994]; *Klat v Klat,* 176 AD2d 922, 923-924 [1991]; *Matter of Bilodeau v Bilodeau,* 161 AD2d 906, 907 [1990]). It is in Alliana's best interests that she continue to benefit from the stability and structure of the home provided by her mother, who has been her primary caregiver since birth. The Family Court's determination to the contrary lacks a substantial basis in the record.

The mother's remaining contentions are without merit. Spolzino, J.P., Skelos, Lifson and Balkin, JJ., concur.