■ In the Matter of COURTNEY B. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KRISTY L., Respondent; WILLIAM B., Appellant. FRANCES B., Nonparty Appellant. [849 NYS2d 179]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals, and the nonparty paternal grandmother separately appeals, as limited by their respective briefs, from so much of an order of the Family Court, Suffolk County (Genchi, J.), dated January 9, 2007, as modified a prior order of the same court dated April 28, 2006, by returning custody of the child to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

After the parents of Courtney B. both signed admissions of neglect of the child due to substance abuse, Courtney B. was placed in the custody of her paternal grandparents. Thereafter, with the assistance of the Suffolk County Drug Treatment Court and the Suffolk County Department of Social Services (hereinafter the DSS), Courtney B.'s mother successfully completed an inpatient substance abuse treatment program and parenting programs, and with the support of Courtney B.'s Law Guardian and the DSS, succeeded in having custody of Courtney B. returned to her. The father and the paternal grandmother separately appeal from the order returning custody to the mother, contending that it was in Courtney B.'s best interest for the paternal grandmother to retain custody.

We affirm so much of the Family Court's order as modified the prior order of custody and returned custody of Courtney B. to her mother. The mother's claim to custody preempts that of the paternal grandmother, even though the grandmother had temporary custody of the child with the mother's consent (*see Matter of Ellen K. v John K.*, 186 AD2d 656 [1992]). Once the mother addressed the issues leading to the removal of the child to the satisfaction of the DSS, the court properly returned

custody of the child to her (*see* Family Ct Act § 1054). Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.