Matter of Preston v Hormadaly (2019 NY Slip Op 02707)





Matter of Preston v Hormadaly


2019 NY Slip Op 02707


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2018-09176
 (Docket No. V-09104-15)

[*1]In the Matter of Lisa Meredith Preston, respondent,
v
Yonathan Hormadaly, appellant.


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Steven D. Kommor, Melville, NY, for respondent.
Olatokunbo Sofola, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Geoffrey Wright, J.), dated June 29, 2018. The order, after a hearing, granted the mother's petition to enforce a stipulation of settlement dated February 22, 2017, to the extent of directing the father to refer to the parties' child by a certain name when addressing the child, introducing the child to others, or when the father is in conversation with others with the child present.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have one child together, born in May 2014. In 2015, the mother filed a custody petition, which was resolved by a stipulation of settlement dated February 22, 2017 (hereinafter the stipulation). The mother was awarded sole custody of the child, with parental access to the father. The stipulation provided that "[e]ach party agrees to promote the Child's understanding" of his "English legal name" (hereinafter the English legal name) and specifically set forth such name. The mother subsequently commenced this proceeding, inter alia, to enforce that provision of the stipulation. In an order dated June 29, 2018, following a hearing, the Family Court granted the mother's petition to the extent of directing the father to refer to the child by the English legal name when addressing the child, introducing the child to others, or when the father is in conversation with others with the child present. The father appeals.
The law favors stipulations of settlement, particularly where, as here, all parties were represented by counsel, and these agreements will not lightly be set aside absent a cause sufficient to invalidate a contract (see Matter of Fialkowski v Gilroy, 200 AD2d 668, 670). Nevertheless, a court should enforce a provision in a custody stipulation of settlement only where enforcement is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95; Hudson v Hudson, 163 AD3d 537, 538; Weisberger v Weisberger, 154 AD3d 41, 52).
Here, the father conceded at the hearing that he refers to the child by a name other than the English legal name, but he contended that this practice was not expressly barred by the [*2]subject provision of the stipulation. Since the subject provision was ambiguous as to what actions were required to "promote" the child's "understanding" of his legal name, extrinsic evidence was properly admitted to discern its meaning (see Greenfield v Philles Records, 98 NY2d 562, 569). The Family Court was entitled to rely upon the language of the entire stipulation and the circumstances surrounding its execution in construing the provision (see Noren v Babus, 144 AD3d 762, 764).
At the hearing, the mother testified that the subject provision was added to the stipulation because the father's practice of referring to the child by a name other than the English legal name had been distressing and confusing to the child. The mother testified that the father continued to refer to the child by another name after the parties entered into the stipulation, and this continued to cause the child confusion. The Family Court stated at the hearing that the child indicated in an in camera interview that he preferred to be called by the English legal name. Under these circumstances, we agree with the court's determination to credit the mother's testimony regarding the parties' intent in entering into the stipulation, and its determination that it was in the child's best interests to enforce the subject provision by directing the father to refer to the child by the English legal name when addressing the child, introducing the child to others, or when the father is in conversation with others with the child present (see Noren v Babus, 144 AD3d at 765; Conti v Conti, 238 AD2d 460, 461).
The father's contentions regarding an enforcement petition he filed are not properly before us since the order appealed from does not address that petition (see Katz v Katz, 68 AD2d 536, 542-543).
We decline the mother's requests to strike the father's brief on the appeal and to impose sanctions upon him for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1). We have not considered matter dehors the record referred to in the father's brief (see Fox v Saloon, 166 AD3d 950, 951).
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court