Matter of Hart v Hart (2023 NY Slip Op 03788)

Matter of Hart v Hart

2023 NY Slip Op 03788

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-08058
 (Docket Nos. V-12609-16/19C, V-12610-16/19C, V-12609-16/19D, V-12610-16/19D)

[*1]In the Matter of Paul Hart, appellant-respondent,
v
Karen Hart, respondent-appellant. (Proceeding No. 1.)
In the Matter of Karen Hart, respondent-appellant,Paul Hart, appellant-respondent. (Proceeding No. 2.)

Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant-respondent.
William A. Sheeckutz, East Meadow, NY, for respondent-appellant.
Leslie S. Lowenstein, Woodmere, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals, and the mother cross-appeals, from an order of the Family Court, Nassau County (Ayesha K. Brantley, J.), dated October 13, 2021. The order, insofar as appealed from, after a hearing, denied those branches of the father's petition which were to modify the custody provisions of a stipulation of settlement dated April 10, 2014, which was incorporated but not merged into a judgment of divorce dated January 23, 2015, so as to award him sole legal custody of the parties' children and residential custody of the parties' son, granted those branches of the mother's petition which were to modify the custody provisions of the stipulation of settlement so as to award her residential custody of the parties' son and final decision-making authority with respect to the parties' son, and declined to impose certain conditions on the mother. The order, insofar as cross-appealed from, denied those branches of the mother's petition which were to modify the custody provisions of the stipulation of settlement so as to award her sole legal custody of the parties' children and residential custody of the parties' daughter, and granted those branches of the father's petition which were to modify the custody provisions of the stipulation of settlement so as to award him residential custody of the parties' daughter and final decision-making authority with respect to the parties' daughter.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The parties, who are the parents of two children, were divorced by a judgment dated January 23, 2015. The judgment of divorce incorporated, but did not merge, a stipulation of settlement dated April 10, 2014 (hereinafter the stipulation), pursuant to which the parties [*2]agreed to joint legal custody and equal residential custody of the children. In 2019, the father filed a petition to modify the custody provisions of the stipulation so as to award him sole legal and residential custody of the children, and the mother filed a petition to modify the custody provisions of the stipulation so as to award her sole legal and residential custody of the children. In an order dated October 13, 2021, the Family Court, after a hearing, granted in part and denied in part the parties' respective petitions to the extent of (1) awarding the father residential custody of the parties' daughter and final decision-making authority with respect to the parties' daughter, and (2) awarding the mother residential custody of the parties' son and final decision-making authority with respect to the parties' son. The court continued the parties' joint legal custody of the children and declined to impose certain conditions on the mother sought by the father. The father appeals, and the mother cross-appeals.
The paramount concern in any custody determination is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95-96; Matter of Nehra v Uhlar, 43 NY2d 242, 248). In determining the best interests of the child, the factors to be considered include which alternative will best promote stability, the available home environments, the past performance of each parent, each parent's relative fitness, including ability to guide the child and provide for the child's overall well-being, and the child's desires (see Eschbach v Eschbach, 56 NY2d at 172-173; Matter of Gulzar v Gulzar, 173 AD3d 1183, 1183). While this Court's authority in reviewing a child custody determination is as broad as that of the Family Court's, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record, as such determinations turn in large part on the assessments of the credibility, character, temperament, and sincerity of the parties (see Matter of Gulzar v Gulzar, 173 AD3d at 1184; Matter of Gooler v Gooler, 107 AD3d 712, 712).
While courts should be reluctant to separate siblings, there are circumstances in which the best interests of each child rests with a different parent (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Gulzar v Gulzar, 173 AD3d at 1184; Matter of Lightbody v Lightbody, 42 AD3d 537, 538). Here, the Family Court's determination as to the best interests of each child has a sound and substantial basis in the record and will not be disturbed (see Matter of Gulzar v Gulzar, 173 AD3d at 1184; Matter of Lightbody v Lightbody, 42 AD3d at 538).
The father's remaining contention is without merit.
DILLON, J.P., BRATHWAITE NELSON, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court