■ In the Matter of OLIMPIA M., Appellant, v STEVEN M., Respondent. [643 NYS2d 584]

The record supports Family Court's findings that the father, with whom the child has been living under a prior order of joint custody entered on consent, has been providing a good home in which the child is thriving and is able to provide a more financially stable environment, and that there are no threats to the child's stability or well being, factors of weighty importance in deciding whether to change custody (*see, Eschbach v Eschbach*, 56 NY2d 167, 172; *Matter of Rebecca B.*, 204 AD2d 57, 58, *lv denied* 84 NY2d 808). The mother does not dispute these findings, but argues that more weight should be given to the fact that the child's younger sister and older half-siblings live with her, and to the child's stated preference to live with them. We disagree. Split custody is appropriate if it is in the best interests of the children (*see, Matter of Johnson v Johnson*, 202 AD2d 584, *lv denied* 83 NY2d 760). The belief that keeping children together promotes stability and companionship, and therefore their best interests (*Eschbach v Eschbach, supra*, at 173) is less compelling here, where the siblings have been living apart by agreement of the parties, and gives way to another principle, that, in the absence of extraordinary circumstances, stability is best promoted by continuing custody with the parent first awarded custody (*supra*, at 171-172; *see, Matter of Lobo v Muttee*, 196 AD2d 585). The child's desire to reside with his mother and siblings, while some indication of his best interests, is not determinative, and must be weighed against his age and maturity and the potential for influence having been exerted (*Eschbach v Eschbach, supra*, at 173). There is no basis for rejecting Family Court's finding that the stated preference of this six year old child was motivated, at least in part, by his temporary anger at his father for making disparaging remarks about his mother in the course of the

custody proceedings. That hardly makes this a case where alienation of the child's affection for the noncustodial parent renders the custodial parent unfit or constitutes a material change in circumstances warranting a change in custody (*see, Matter of Coyne v Coyne*, 150 AD2d 573, 576). Concur—Sullivan, J. P., Ellerin, Kupferman, Williams and Mazzarelli, JJ.