■ ELDRID SEQUEIRA, Appellant, v RACHEL SEQUEIRA, Respondent. [993 NYS2d 309]—

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered August 13, 2013, which modified the terms of the parties' custody agreement and granted sole legal custody of the parties' son to defendant mother, unanimously affirmed, without costs.

The determination that it is in the child's best interests to

modify the parties' joint custody agreement to award respondent mother sole legal custody has a sound and substantial basis in the record (*Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]), which establishes that there was a complete breakdown in communication between the parties resulting in their inability to agree on issues concerning the child (*see Trapp v Trapp*, 136 AD2d 178, 181 [1st Dept 1988]). Indeed, the parties filed approximately nine motions, within a period of less than five years, seeking judicial intervention in various matters concerning the child. The inability to communicate and the court's finding that the father's disdain for the mother is "palpable" constitute a sufficient change in circumstances warranting modification of the agreement.

Plaintiff's claims that his constitutional rights were violated by the court's modification of the parties' custody agreement is unavailing. "No agreement of the parties can bind the court to a disposition other than that which a weighing of all of the factors involved shows to be in the child's best interest" (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]).

We have considered plaintiff's additional arguments and find them unavailing. Concur—Gonzalez, P.J., Richter, Feinman and Kapnick, JJ.