■ In the Matter of DEDON G., Respondent, v ZENHIA G., Appellant. [2 NYS3d 119]—

Order, Family Court, Bronx County (Paul A. Goetz, J.), entered on or about January 8, 2014, which, after a hearing, to the extent appealed from as limited by the briefs, granted the father's petition for sole legal and physical custody of the parties' daughter, unanimously affirmed, without costs.

A preponderance of the evidence supports the Family Court's

determination that the child's best interests would be served by awarding custody to the father (*see Eschbach v Eschbach*, 56 NY2d 167, 171, 174 [1982]). The Family Court considered the totality of the circumstances and properly concluded that the father was more able to identify and address the child's educational and emotional needs, and to provide a stable and healthy home environment for the child (*id.* at 172). Although the mother had been the primary caregiver and had temporary custody of the child during the pendency of the custody hearing, that factor alone is not determinative (*see e.g. Matter of Khaykin v Kanayeva*, 47 AD3d 817, 817 [2d Dept 2008]), especially since the child, now eight years old, had lived with the father for significant periods of time prior to the temporary custody order, and since the father has always been actively involved in the child's daily life.

The mother failed to preserve her arguments that a forensic evaluation or expert testimony was required to support the Family Court's conclusion that the mother's home environment caused the child's behavioral problems at school (*see Matter of Hezekiah L. v Pamela A.L.*, 92 AD3d 506, 506 [1st Dept 2012]). In any event, expert testimony was not required or needed (*see Matter of Major v Gamble-Major*, 235 AD2d 356 [1st Dept 1997], *lv denied* 91 NY2d 804 [1997]), and the record shows that the child was bothered by the mother's frequent arguments with her boyfriend, that the child's behavioral problems manifested after she began living with the mother, and that the father had a less stressful home environment (*see Eschbach*, 56 NY2d at 172).

The mother also failed to preserve her argument that the Family Court failed to adequately consider the child's separation from her half sister. In any event, the argument is unavailing. Although keeping children together is an important factor for the court to consider, it is not "an absolute" requirement (*Eschbach*, 56 NY2d at 173), especially where, as here, the two half siblings had not grown up together (*Matter of Olimpia M. v Steven M.*, 228 AD2d 270, 270 [1st Dept 1996]). Moreover, the child recently advised the attorney for the child that she has adequate contact with her half sister through the current custodial and visitation arrangements. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.