Order and judgment (one paper), Supreme Court, New York County (Lori S. Sattler, J.), entered April 9, 2014, which granted the petition to modify the custody and access provisions of the parties’ Texas divorce decree, awarded sole legal and physical custody of the children to petitioner father with visitation by respondent mother subject to supervision by a trained child-care provider at the father’s expense and permitted petitioner to relocate the children to Houston, Texas, and denied respondent’s cross petition for custody, unanimously affirmed, without costs. Appeal from order, same court and *408 Justice, entered July 7, 2014, which, inter alia, denied the application to modify the aforesaid order and judgment to permit unsupervised visitation, unanimously dismissed, without costs, as abandoned for failure to make any argument in respondent’s main brief. Appeal from order, same court and Justice, entered July 10, 2014, which, inter alia, denied respondent’s applications for an interim award of attorneys’ fees and appellate fees and costs, unanimously dismissed, without costs, as abandoned, without prejudice to further proceedings in the trial court.
The trial court’s thoughtful and detailed determination, concluding that there was a change of circumstances following the parties’ divorce warranting modification of the existing custody arrangement to ensure the best interests of the subject children, has a sound and substantial basis in the record (see Sequeira v Sequeira, 121 AD3d 406 [1st Dept 2014]). In particular, respondent interfered with petitioner’s visitation with the children and undermined his relationship with them. Among other things, respondent repeatedly made allegations against petitioner of physical violence toward her and sexually inappropriate conduct with the parties’ daughter, all of which were unsupported by any evidence and were found to be false (see William S. v Tynia C., 283 AD2d 327 [1st Dept 2001]; Matter of Youngok Lim v Sangbom Lyi, 299 AD2d 763 [3d Dept 2002]). In addition, the record demonstrates that respondent’s ability to care for the children was negatively impacted by her misuse of prescription medications and alcohol (see Matter of Susan B. v Charles M., 67 AD3d 488 [1st Dept 2009], lv denied 14 NY3d 704 [2010]). Upon review of the record before the trial court, we see no basis for disturbing the court’s findings that petitioner was direct, credible and even-tempered throughout the proceedings, while respondent’s testimony was incredible and showed a lack of insight into her issues.
Although the court acknowledged the positive steps taken by respondent to establish a warm home for the children in New York, the determination that the change in custody is in the children’s best interests is supported by the totality of the circumstances. In weighing all relevant factors, the record demonstrates that petitioner is able to provide a more stable and appropriate environment for the children (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]).
On the record before it, the trial court properly determined that, pending respondent’s completion of one year of negative drug testing, her visits with the children should be supervised by an appropriate care-giver or nanny to ensure the children’s safety (see Matter of James Joseph M. v Rosana R., 32 AD3d 725, 727 [1st Dept 2006], lv denied 7 NY3d 717 [2006]).
*409 In addition, the court, having had an opportunity to hear the parents testify and to conduct an in camera meeting with the children, properly determined that, on balance, relocation to Texas, where the children lived prior to the divorce and where petitioner’s business is located, is in the children’s best interests (see Matter of Tropea v Tropea, 87 NY2d 727, 736 [1996]; Matter of David J.B. v Monique H., 52 AD3d 414 [1st Dept 2008]). The parties’ custody agreement, which was incorporated into the divorce decree in Texas, gave respondent the choice of residing with the children in the New York City area or the Houston area. However, she almost immediately failed to comply with the detailed parenting and visitation plan. Petitioner established that commuting back and forth to Houston is not practical and would be detrimental to his business, the sole income source for the children. By contrast, although respondent’s family resides in New York State, she does not have significant ties to New York City. The record further demonstrates that petitioner is committed to fostering a relationship between the children and respondent (see Sonbuchner v Sonbuchner, 96 AD3d 566 [1st Dept 2012]; James Joseph M., 32 AD3d at 726). We note that while petitioner sought supervised visitation, he did not seek to curtail respondent’s visitation with the children and the liberal visitation schedule will allow for the continuation of a meaningful relationship between respondent and the children.
While the trial court erred in permitting respondent to be cross-examined about having had an abortion, that evidence being irrelevant and embarrassing, the error did not impact the court’s ultimate decision.
Finally, upon granting respondent’s motion to supplement the record, and upon our review of the additional information there provided, we observe that there are indications that respondent has made good progress in her treatment. We therefore recommend that the trial judge convene an early hearing to reexamine the continued necessity of the supervision requirement.
We have considered respondent’s additional arguments and find them unavailing. Concur — Tom, J.P., Acosta, Saxe and Moskowitz, JJ.