■ ELIZABETH S. STRAUS, Appellant, v DANIEL STRAUSS, Respondent. [24 NYS3d 76]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered June 25, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff wife's motion to exclude a forensic custody evaluation and appoint a new forensic mental health expert, and granted defendant husband's cross motion to modify the interim parental access schedule, unanimously affirmed, without costs.

The motion court properly denied plaintiff's motion to exclude the forensic report. *Frye v United States* (293 F 1013 [DC Cir 1923]) does not require that a forensic report cite specific professional literature in support of the report's analyses and opinions. As the motion court noted, plaintiff could cross-examine the forensic evaluator regarding the lack of citations, and such an omission is relevant to the weight to be accorded to the evaluator's opinion, not to its admissibility (*Zito v Zabarsky*, 28 AD3d 42, 46 [2d Dept 2006]).

The forensic report does not rely to a significant extent on hearsay statements. A review of the report reveals that the primary source of the report's conclusions are the forensic evaluator's firsthand interviews with the parties. In any event, defendant intends to call as witnesses at any future custody hearing anyone to whom the forensic evaluator spoke; thus, the declarants will be subject to cross-examination, rendering admissible any opinion evidence based on their statements (*see Wagman v Bradshaw*, 292 AD2d 84, 86-87 [2d Dept 2002]). To the extent that any hearsay declarants are not cross-examined, the motion court acknowledged that those portions of the report containing inadmissible hearsay should be stricken or not relied upon (*see Lubit v Lubit*, 65 AD3d 954, 956 [1st Dept 2009], *lv denied* 13 NY3d 716 [2010], *cert denied* 560 US 940 [2010]).

Although the forensic report briefly refers to the parties' initial negotiations regarding custody, those negotiations do not form the basis for any conclusions regarding parental fitness or custody. Nor did the forensic evaluator contravene a prior order of the motion court, which directed him to refrain from making an ultimate recommendation regarding custody. The report states that preschool-age children "usually tolerate well" a 65/35 custody split, and older children a range between 65/35 and 50/50, but it made no specific recommendation in this case. Nor did the report's findings that defendant was an adequate parent, despite plaintiff's safety concerns, usurp the motion court's fact-findings in prior orders. In a prior order, the

motion court cited certain safety concerns for the child while in defendant's care, but the court noted that those concerns dissipated after it issued its order. The motion court also noted that it was free to reject opinions in the report (*Zelnik v Zelnik*, 196 AD2d 700, 700 [1st Dept 1993]).

There is a sound and substantial evidentiary basis for the motion court's modification of the visitation order (*see Matter of Frank M. v Donna W.*, 44 AD3d 495, 495-496 [1st Dept 2007]; *see also Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). Among other things, defendant sufficiently explained, without contradiction, why he missed certain visits with the child, and his failure to explain all of the missed visits did not warrant denial of his cross motion, particularly where the attorney for the child supported the motion and noted that the child enjoyed spending time with his father. Plaintiff never requested a hearing before the motion court, and, in any event, a hearing was not necessary (*see Skidelsky v Skidelsky*, 279 AD2d 356, 356 [1st Dept 2001]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.