In the Matter of JAMEL W., Appellant, v STACEY J., Respondent. [26 NYS3d 30]—

Order, Family Court, New York County (George L. Jurow, J.H.O.), entered on or about July 25, 2014, which denied petitioner father's petition for joint custody of the parties' child, granted respondent mother's cross petition for sole legal and residential custody, and required the father to undergo monthly psychiatric monitoring as a component of unsupervised visitation, unanimously affirmed, without costs.

There is a sound and substantial basis in the record for the court's determination that the best interests of the child are served by awarding sole legal and physical custody to the mother (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). The record establishes that joint custody was not appropriate due to the acrimonious nature of the parties' relationship; the father's inability to co-parent, shown by his disdain for the

mother, his confrontational style, his refusal to listen to her, and his criticism of her parenting skills (*see Braiman v Braiman*, 44 NY2d 584, 587 [1978]; *Lubit v Lubit*, 65 AD3d 954 [1st Dept 2009], *lv denied* 13 NY3d 716 [2010]).

The record establishes that the mother has displayed good judgment where the child is concerned and is excellent at meeting his developmental and educational needs. As his primary caretaker, she has taken care to secure him speech therapy, when she suspected that the child was suffering from a speech delay, even at her own expense. She also researched and enrolled him in a school that has the resources to support his special needs (*see Matter of James Joseph M. v Rosana R.*, 32 AD3d 725, 726 [1st Dept 2006], *lv denied* 7 NY3d 717 [2006]). On the other hand, the father has failed to demonstrate his ability to place the child's needs above his own. The mother is also able to provide greater stability for the child, since she has resided in the same apartment for 10 years, and has been in her current employment for at least seven years, and maintained the job prior to that for a period of eight years (*see Matter of Castro v Santiago*, 176 AD2d 520, 521 [1st Dept 1991]). The mother has also demonstrated that she is a very good primary caretaker, within whose custody the child has been from the time of his birth (*see Obey v Degling*, 37 NY2d 768, 770 [1975]; *Russo v Maier*, 196 AD2d 720 [1st Dept 1993]).

"Family Court Act § 656 provides for the imposition of an order of probation with mandatory participation in programs of treatment, counseling and rehabilitation" (*Matter of John A. v Bridget M.*, 16 AD3d 324, 331 [1st Dept 2005], *lv denied* 5 NY3d 710 [2005]). Requiring the father to undergo monthly psychiatric monitoring as a component of visitation was not inappropriate (*Matter of Mongiardo v Mongiardo*, 232 AD2d 741, 743 [3d Dept 1996]), in light of the recommendation of the forensic evaluator and other clinicians. The forensic evaluator's conclusion that the father's failure to disclose his extensive mental health history indicates his denial about his need for treatment, which might significantly limit his ability to parent a five year old, is amply supported by the record.

We have considered the father's remaining contentions and find them unavailing. Concur—Renwick, J.P., Andrias, Saxe and Richter, JJ.