■ In the Matter of AARON P., Respondent, v TAMARA F., Appellant. [26 NYS3d 287]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about March 11, 2015, which, after a hearing, granted petitioner father's petition for custody of the parties' child, unanimously affirmed, without costs.

Family Court's conclusion that an award of custody to the father would be in the best interests of the child is supported by a sound and substantial basis in the record and is entitled to deference (see *Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]). The record shows that, since the child was placed into the father's care, the father has parented appropriately and has provided a loving and stable home for the child. In addition, the father resides with the child's paternal grandmother and great-grandmother, who have provided financial assistance and assisted with the child's care when needed (see *Matter of Joshua C. v Tenequa A.*, 132 AD3d 497, 497 [1st Dept 2015]). Moreover, the father remained amenable to continuing respondent mother's visits with the child, which demonstrated his understanding of the benefit to the child of maintaining a relationship with the mother, as well as his sensitivity toward the child's needs.

By contrast, the record shows that the mother suffers from mental illness and has exhibited violent, threatening and aggressive behavior, including an episode of excessive corporal punishment against the child that led to the finding of neglect against the mother (132 AD3d at 497). The mother failed to appreciate the effect her behavior has on the child.

Family Court properly credited the testimony of the expert psychiatrist, who diagnosed the mother as suffering from disruptive impulse control and conduct disorder, deemed her parental functioning to be "severely limited," and recommended that she have only supervised visitation with the child and engage in mental health counseling (see *Matter of Frederick A. v Lisa C.*, 121 AD3d 495, 495 [1st Dept 2014]). The psychiatrist found that the father did not meet the criteria for any mental health diagnosis and was a capable parent.

We have considered the mother's remaining arguments and

find them unavailing. Concur—Friedman, J.P., Acosta, Renwick and Richter, JJ.