■ Douglas H., Respondent, v C. Louise H., Appellant. [30 NYS3d 40]—

Order, Supreme Court, New York County (Ellen F. Gesmer, J.), entered September 24, 2015, to the extent it denied defendant's motion to exclude the forensic evaluator's report, and order, same court and Justice, entered October 19, 2015, to the extent it incorporated the decretal provisions of the September 2015 order and restated its award of sole legal custody of the parties' son to plaintiff, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered June 24, 2015, and on or about August 6, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the October 19, 2015 order.

The record fully supports the court's determination that the child's best interests are served by awarding sole custody and decision-making authority to plaintiff (*see Elkin v Labis*, 113 AD3d 419 [1st Dept 2014], *lv dismissed* 22 NY3d 1193 [2014]). After an 18-day evidentiary hearing, the court found that while both parties have "serious deficiencies as parents," plaintiff is the one more likely to make decisions that are appropriate for the child. In particular, he would send the child, who was diagnosed as being on the autism spectrum, to a therapeutic boarding school, which defendant opposed, and would use an appropriate educational consultant, in light of the child's need for intensive behavior modification.

The fact that defendant had been the child's primary caregiver is but one factor and not alone determinative (*Matter of Dedon G. v Zenhia G.*, 125 AD3d 419 [1st Dept 2015]). Nor is keeping siblings together, while an important factor, an "absolute" requirement (*id.* at 420 [internal quotation marks omitted]), and the record supports the court's determination that the child and his sister should be separated.

The court properly denied defendant's motion to exclude the forensic report. *Frye v United States* (293 F 1013 [DC Cir 1923]) does not require the exclusion of a forensic report solely because it does not cite to the professional literature supporting the evaluator's opinion (*Straus v Strauss*, 136 AD3d 419 [1st Dept 2016]; *see also Lubit v Lubit*, 65 AD3d 954, 955-956 [1st Dept 2009], *lv denied* 13 NY3d 716 [2010], *cert denied* 560 US 940 [2010]). The forensic report does not rely to a significant extent on hearsay statements; the primary sources of the evaluator's conclusions are his interviews with the parties and his own observations.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Sweeny, Richter and Kahn, JJ.