■ In the Matter of JOHNNY EUGENE P., III, Appellant, v MICHELLE K.P., Respondent. [33 NYS3d 704]—

Order, Family Court, New York County (Christopher W. Coffey, Ref.), entered on or about June 30, 2015, which, after a hearing, denied petitioner's petition for modification of an order of custody to award the parties joint physical custody of their children, and granted respondent's amended petition to modify the order to grant her sole legal custody, unanimously affirmed, without costs.

Although petitioner established a change in circumstances that would support a modification in custody by demonstrating that he was employed and had an apartment, he failed to establish that joint physical custody would be in the children's best interests (*see Matter of Sergei P. v Sofia M.*, 44 AD3d 490 [1st Dept 2007]). The children have resided primarily with respondent their entire lives; she cared for and provided for them while petitioner was seeking an apartment and getting himself established. Moreover, there is evidence that staying with petitioner is disruptive of the children's routines to the children's detriment.

The record supports the court's determination that the best interests of the children would be served by leaving sole physical custody with respondent and awarding respondent sole legal custody as well (*see Eschbach v Eschbach*, 56 NY2d 167, 173 [1982]; *Matter of Jamel W. v Stacey J.*, 136 AD3d 552 [1st Dept 2016]). There has been a complete breakdown in communications between the parties, who are unable to reach agreement on any issue involving the children (*see e.g. Matter of Jamel W.*, 136 AD3d at 552-553; *Sendor v Sendor*, 93 AD3d 586 [1st Dept 2012]).

The court providently exercised its discretion in denying petitioner's request to disqualify the attorney for the children. Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Webber, JJ.