■ In the Matter of LISA W., Respondent, v JOHN M., Appellant. [38 NYS3d 148]—

Order, Family Court, New York County (Fiordaliza A. Rodriguez, J.), entered on or about June 26, 2015, which, after a hearing, granted Lisa W.'s petition for a final order of sole legal and physical custody of the subject child, with weekly supervised visitation by the father, and denied the father's cross petition for custody, unanimously affirmed, without costs.

A sound and substantial basis in the record supports the determination that the child's best interests are met by the award of sole legal and physical custody to petitioner mother (see Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]). The court's findings and determination are accorded great deference on appeal, since that court had the opportunity to assess the witnesses' demeanor and credibility (see id. at 173; Matter of Mildred S.G. v Mark G., 62 AD3d 460 [1st Dept 2009]). There is no basis to disturb the court's findings that the mother and her aunt were highly credible witnesses, while the father lacked credibility and was incredible on certain issues.

The court considered the appropriate factors and determined, among other things, that the child has always lived in the mother's home, and that the mother has been the child's primary caretaker, although she worked full time. Further, the mother has provided for the child financially and was observed by the court, the forensic expert, and the aunt to be a nurturing and stable parent, who was able to continue to care for the child and meet all of her needs.

On the other hand, the father had failed to regularly visit the child, and had no realistic plan for her future, including financially and educationally. The father had a history of being emotionally withdrawn and isolated, and had a rigid and inflexible parenting style, which the expert psychologist found raised concerns about his ability to care for the child.

Contrary to the father's arguments, the court gave appropriate weight to the forensic report, which was admitted without objection, and expressly did not rely on inadmissible hearsay incorporated in the report in reaching its determination. The admissible evidence in the record, including portions of the expert's report that did not include hearsay and the testimony of the parties and the aunt, was sufficient to support the court's conclusion (*see Straus v Strauss*, 136 AD3d 419 [1st Dept 2016]; *Matter of Prete v Prete*, 193 AD2d 804 [2d Dept 1993]). Further, the court properly considered the order of protection against the father and in favor of the mother and the child's half-brother (*see Matter of Lisa W. v John M.*, 132 AD3d 459 [1st Dept 2015]).

With respect to visitation, the record shows that the father failed to regularly avail himself of supervised visitation provided by the temporary visitation order, which jeopardized his bond with the child and knowingly disappointed her (*see State of N.Y. ex rel. Barbara D. v Francis D.*, 58 AD3d 436 [1st Dept 2009], *appeal dismissed* 12 NY3d 872 [2009]). Further, in light of the evidence of the father's history of emotional isolation and concerns regarding his aggressive behavior and impulse control, supervised visitation was warranted (*see Matter of Aaron P. v Tamara F.*, 137 AD3d 485 [1st Dept 2016]). Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.