In the Matter of NYRON P., Respondent, v GISELLE A., Appellant. [65 NYS3d 189]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about July 15, 2016, which granted sole physical and legal custody of the subject child to petitioner father Nyron P., unanimously affirmed, without costs.

A preponderance of the evidence supports the Family Court's finding that a final award of sole legal and physical custody to the father is in the child's best interest (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The child resided with the mother until she was five years old, at which time a neglect petition was filed against the mother, resulting in the child being removed from the mother's care and paroled to the father's care. Evidence at the hearing on the father's custody petition showed that the neglect petition was brought as a result of the mother's issues with anger, aggression and domestic violence in the child's presence, and that the child expressed fear and reported that the mother had hit her with a belt (*see Matter of Moreno v Cruz*, 24 AD3d 780 [2d Dept 2005], *lv denied* 6 NY3d 712 [2006]; *see also Matter of Joshua C. v Tenequa A.*, 132 AD3d 497 [1st Dept 2015]). Although the mother attended services to address those issues and the neglect proceeding was eventually resolved, during the neglect proceedings the mother was involved in another violent incident in the child's presence during an overnight visit. There was also evidence that the mother failed to address an on-going alcohol abuse problem (*see Matter of Nunn v Bagley*, 63 AD3d 1068 [2d Dept 2009]), that she showed an insensitivity to the child's needs and exercised poor parental judgment. In particular, the mother threatened to keep the child from the father and the paternal grandparents.

On the other hand, the evidence showed that the father was a suitable caretaker who had provided a stable home for the child for at least the past eighteen months, and that the child was loved and well-cared for in his care. The father was living with the paternal grandparents in a three-bedroom home, and the grandparents were willing and able to provide financial support to the father and child, and assist in the child's care. Since residing with the father, the child's school attendance

and timeliness had improved, and all of her needs had been met. The child is loved and happy living with the father and his family, where she is no longer subjected to domestic and physical violence.

Accordingly, there was ample support for the court's decision that it was in the child's best interest for final custody to be awarded to the father under the circumstances (*see Matter of Dedon G. v Zenhia G.*, 125 AD3d 419, 420 [1st Dept 2015]).

The mother's alternative argument that joint custody would have been an appropriate award under the circumstances is unpreserved, and unavailing (*see Matter of Fedun v Fedun*, 227 AD2d 688 [3d Dept 1996]) as the record shows that the parties are incapable of any meaningful communication or cooperation so as to effectively preclude joint decision-making.

We have considered the mother's remaining arguments and find them unpreserved and unavailing. Concur—Richter, J.P., Kapnick, Webber, Oing and Singh, JJ.