Matter of Kathy C. v Alonzo E. (2018 NY Slip Op 00234)





Matter of Kathy C. v Alonzo E.


2018 NY Slip Op 00234


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5436

[*1]In re Kathy C., Petitioner-Respondent,
v
Alonzo E., Respondent-Appellant.


Geoffrey P. Berman, Larchmont, for appellant.
Larry S. Bachner, New York, for respondent.
Karen Freedman, Lawyers for Children Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about December 19, 2016, which denied respondent father's motion to vacate his default in a proceeding which, after a hearing, granted petitioner maternal grandmother's application for modification of a prior custody and visitation order, granted her sole legal and physical custody of the subject child, and permitted her to relocate to South Carolina with the child, unanimously affirmed, without costs.
The determination that the father failed to substantiate his claims of a reasonable excuse and a meritorious defense are supported by the record. The father's incarceration did not constitute excusable default (see Matter of Commissioner of Social Servs. v Kastriot D., 101 AD3d 574 [1st Dept 2012], lv denied 21 NY3d 853 [2013]). Further, he failed to seek vacatur until approximately six months after his release from incarceration (see Matter of Christopher James A. [Anne Elizabeth Pierre L.], 90 AD3d 515 [1st Dept 2011], lv denied 18 NY3d 918 [2012]).
The father also failed to present evidence of a meritorious defense to the petition, and the maternal grandmother demonstrated a change in circumstances since the prior custody order was entered and that her proposed modification would be in the child's best interest (see Matter of Johnny Eugene P. v Michelle K.P., 140 AD3d 624 [1st Dept 2016]; Matter of Manuel John M. v Lisa Rossi M., 125 AD3d 407, 408 [1st Dept 2015], lv denied 25 NY3d 904 [2015]).
Contrary to the father's argument, even assuming at a rehearing he would proffer evidence regarding a strong bond between him and the child, the fact that he had relinquished parenting responsibilities for the entirety of the child's life, coupled with his history of significant domestic violence, would nonetheless have merited a finding of extraordinary circumstances (see Matter of Sharon B. v Tiffany P., 143 AD3d 573 [1st Dept 2016]). Following the finding of extraordinary circumstances, the court properly found that it was in the child's best interest to [*2]award sole custody to the maternal grandmother and grant her permission to relocate with the child to South Carolina (see Matter of Christopher E.C. v Ivana K.S., 143 AD3d 420 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK