Matter of Raymond v Raymond (2019 NY Slip Op 05546)





Matter of Raymond v Raymond


2019 NY Slip Op 05546


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-02820
 (Docket Nos. V-24719-11/11A/14B/16C)

[*1]In the Matter of Alena Raymond, respondent,
v
Kednel Raymond, appellant. (Proceeding No. 1)
In the Matter of Kednel Raymond, appellant,
v
Alena Raymond, respondent. (Proceeding No. 2)


David Laniado, Cedarhurst, NY, for appellant.
Melissa C. R. Chernosky, Jamaica, NY, for respondent.
Janet Neustaetter, Brooklyn, NY (Rachel J. Stanton and Diana Aragundi of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Maria Arias, J.), dated February 14, 2018. The order, after a hearing, granted the mother's petition for sole custody of the parties' child and denied the father's petition for increased parental access with the child.
ORDERED that the order is affirmed, without costs or disbursements.
In 2011, after the parties separated, the mother filed a petition seeking sole custody of the parties' only child, who resided with her. The father initially was awarded parental access every weekend. He subsequently filed a petition seeking increased parental access. After a hearing, the Family Court granted the mother's petition and denied the father's petition. The father appeals, contending that the Family Court should have granted his request for a copy of a forensic report prepared by a court-appointed forensic evaluator, and that the court erred in admitting the forensic report into evidence.
The Family Court did not improvidently exercise its discretion in denying the request of the father, who proceeded pro se, for a copy of the forensic report prepared by the court-appointed forensic evaluator. The court provided the father with liberal access to the report over an extended period of time during which he could review the report upon request and take notes with regard to its contents (see Matter of Isidro A.-M. v Mirta A., 74 AD3d 673; Matter of Morrissey v Morrissey, 225 AD2d 779; Matter of Scuderi-Forzano v Forzano, 213 AD2d 652). The father has failed to show that his ability to prepare for the hearing was prejudiced by his not having his own physical copy of the report.
We also agree with the Family Court's determination to admit the forensic report into evidence. The parties received access to the report well in advance of the scheduled hearing, the forensic evaluator testified and was cross-examined by the parties at the hearing, the parties had the opportunity to rebut the forensic evaluator's findings, and the conclusions in the report were based primarily on the forensic evaluator's firsthand interviews rather than on hearsay statements made by nontestifying declarants (see Straus v Strauss, 136 AD3d 419). Moreover, the court's determination to grant the mother sole custody and to deny the father's request for additional access was supported by ample evidence apart from the forensic report, which was one, but not the only or the controlling, factor in the court's decision.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court