Matter of Evangelina C. v Maksim K. (2022 NY Slip Op 01872)





Matter of Evangelina C. v Maksim K.


2022 NY Slip Op 01872


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022

Before: Kapnick, J.P., Mazzarelli, Friedman, Gesmer, Oing, JJ. 


Docket No. V15528/17 V15532/17/17A Appeal No. 15534-15534A Case No. 2021-00873 

[*1]In the Matter of Evangelina C., Petitioner-Respondent,
v
Maksim K., Respondent-Appellant.


The Reiniger Law Firm, New York (Anne Reiniger of counsel), for appellant.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about March 8, 2021, which, after a hearing, to the extent appealed from as limited by the briefs, granted the petition of petitioner mother of the subject child Jovan K. (DOB 9/5/10) to modify an order, Family Court, Bronx County, entered, on her default on or about December 22, 2016 (2016 Visitation Order), and awarded respondent father virtual parental access of 30 minutes every two weeks and supervised in-person visitation of 90 minutes once per month, unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 8, 2021, which, to the extent appealed from as limited by the briefs, denied the father's motion for contempt, unanimously affirmed, without costs.
A court may modify a visitation order based on a change of the parties' circumstances that makes modification necessary to ensure the best interests of the child. The "(t)erms and conditions of visitation are matters entrusted to the sound discretion of the trial court, and, as the determination of such issues largely depends on the court's assessment of the credibility of the witnesses and the character, temperament and sincerity of the parties, such determinations should not be reversed unless they lack a sound and substantial basis in the record" (Matter of Christopher H. v Taiesha R., 166 AD3d 548, 548 [1st Dept 2018]).
The record here furnished ample basis for modification of the 2016 visitation order, which was a provident exercise of Family Court's discretion. The record included evidence of a change of circumstances, discussed in the decision and order appealed from, in the form of the parties' acrimonious relationship and inability to co-parent, the father's behavior during visits, including exhibiting symptoms of mental illness, demonstrating deficits in his ability to meet the child's physical and emotional needs despite his love for the child and demonstrating an intractable pattern of coercive control of the mother and coercive parenting of the child, and the child's expressed fears of the father due to the violence the child witnessed while in his father's care, and in particular violence towards the paternal grandparents, with whom the father lived. The child reportedly witnessed the father screaming at them, throwing objects at them, and throwing the grandfather's laptop computer from the apartment window or balcony, after which the child feared the father would throw him from the window or balcony as well. The court had before it evidence that the child could not sleep while at the father's home due to fear, and that the child realized the grandparents were powerless to protect him. Evidence also included instances of the father's unsettling behavior in the child's presence, which also frightened him.
The father's efforts to minimize the import of this evidence on appeal are unavailing. He emphasizes he has not "physically" harmed the child but turns a blind eye to the [*2]emotional and psychological effects of his conduct. He further tries to suggest the evidence adverse to him derived solely from the mother's self-serving testimony, but Family Court, which indicated its awareness of the mother's (and father's) self-serving perspectives when it assessed their testimony, credited portions of her testimony, a determination to which we defer (see Victor L. v Darlene L., 251 AD2d 178, 178 [1st Dept 1998], lv denied 92 NY2d 816 [1998]). Moreover, the ACS caseworker testified, among other things, to the fears expressed by the child. Court-appointed psychiatrist Dr. Ravitz, whose conclusions were based on, among other things, hours of interviews with the parties and observation of the child with the father, observed that the child was afraid and nervous around the father, found the father was, at times, insensitive to the child's needs, and concluded that the father's mental illness and his lack of insight about it interfered with his ability to parent. He expressed concern that the father's partial compliance with treatment and lack of insight into the severity of his mental illness and the impact of his behavior on others created a significant risk of a recurrence of an acute manic or psychotic episode. Given this evidence, the modified visitation schedule that Family Court set was a provident exercise of its discretion(Matter of Ronald C. v Sherry B., 144 AD3d 545, 546 [1st Dept 2016], lv dismissed 29 NY3d 965 [2017]).
Family Court did not, as the father contends, improperly delegate its authority to the child. Rather, in assessing whether a change in circumstances warranted modification, it properly took the child's fears and wishes into account (see e.g. Matter of Princetta S.S. v Felix Z.J.., 173 AD3d 637 [1st Dept 2019]). Moreover, Family Court, which had before it the findings of Dr. Ravitz and held an in camera hearing with the child, was in the best position to determine whether those fears and wishes were, as the father claims, the product of coaching by the mother.
The father's arguments concerning the court's designation of the paternal uncle as the individual to supervise in-person visitation are, at this point, speculative. He expresses concern that the uncle will not be available for such a role, but does not cite instances where he was actually unavailable, and if such a problem does arise, the father can raise the issue with Family Court at that time.
Similarly, the father's concerns about the mother's ability to appropriately supervise virtual visits are also speculative and are best addressed by Family Court, before which he has already filed a motion addressing his claims.
The father raises concerns about what he characterizes as the mother's interference with visitation in the past. However, the Family Court appropriately determined that the father failed to establish that she willfully violated its January 24, 2019 order. On appeal, the father fails to articulate any basis to revisit the court's [*3]denial of the motion for contempt at issue here. In submissions to Family Court in opposition to that motion, the child's attorney argued that the record demonstrates that at least certain visits failed to occur not because of the mother's intransigence but instead because the child feared seeing the father in person. The father, who, as a general
matter, minimizes the fear and upset his behavior has caused the child, does not adequately address this point on appeal.
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 17, 2022