Matter of M.K. v Harolyn M. (2022 NY Slip Op 05663)

Matter of M.K. v Harolyn M.

2022 NY Slip Op 05663

Decided on October 11, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 11, 2022

Before: Gische, J.P., Kern, Gesmer, Rodriguez, Pitt, JJ. 

 Docket No. V-23492-13/16F Appeal No. 16378 Case No. 2021-01482 

[*1]In the Matter of M.K., Petitioner-Appellant,
v
Harolyn M., Respondent-Respondent.

Law Office Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Simpson Thacher & Bartlett LLP, New York (Susan M. Cordaro of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Louise Feld of counsel), attorney for the child.

Order, Family Court, Bronx County (Jennifer S. Burtt, Ref.), entered on or about April 9, 2021, which, to the extent appealed from as limited by the briefs, after a hearing on the custody modification petition by petitioner mother, suspended visitation by respondent father, unanimously modified, on the law, to delete the portion of the order directing suspension of visitation until a mental health professional advises the court that a resumption of parenting time was safe for the child's mental health, and otherwise affirmed, without costs.
The court's determination that in-person visitation with the father would be detrimental to the child's emotional and psychological well-being at this time has a sound and substantial basis in the record (Matter of Josephine F. v Rodney W., 168 AD3d 486, 486-487 [1st Dept 2019]; see also Matter of Frank M. v Donna W., 44 AD3d 495, 495 [1st Dept 2007]). The court conducted a full fact finding hearing over multiple trial dates at which it heard both parents' testimony, conducted multiple in camera interviews with the child, and considered a report and testimony by the forensic evaluator. The testimony was subject to full cross-examination. In her decision the trial judge expressly credited the testimony of the mother and forensic evaluator, while finding that the father's testimony was less credible.
The trial record supported a finding that the child was suffering from acute psychiatric symptoms. The father's testimony revealed his disdain for the mother, whom he called a bad parent; his lack of understanding of the severity of child's physical and mental health issues, including her threats of self-harm; and his belittlement of the mother's efforts to seek better educational opportunities for the child. The record shows that the father continually disparaged the mother to the child, pressured her to agree with him that the mother was mentally ill, and told the child that he wished the mother were dead. He exhibited a lack of understanding of how his conduct caused or contributed to the child's mental health struggles and discounted her acute psychiatric symptoms. Instead, he blamed and vilified the mother for the problems in the father-daughter relationship. Accordingly, the court providently determined that suspending in-person visitation was in the child's best interests, while still permitting the father to have electronic contact with her (see Matter of Evangelina C. v Maksim K., 203 AD3d 536, 537-538 [1st Dept 2022]; Brandy V. v Michael P., 151 AD3d 618, 619 [1st Dept 2017]).
The court properly admitted the forensic report into evidence and gave it appropriate weight. The parties consented to the redaction of hearsay statements of collateral sources from the report. The forensic evaluator testified that his opinions and recommendations were based primarily upon nonhearsay sources, such as the interviews with the parents and the child, as well as observations of party-child interactions (see Shali D. v [*2]Victoria V., 172 AD3d 581, 582 [1st Dept 2019]; Strauss v Strauss, 136 AD3d 419, 420 [1st Dept 2016]). The record contains no evidence to support the father's claim that the evaluator was biased in the mother's favor.
Nevertheless, the court improperly delegated to a mental health professional its authority to determine issues involving the child's best interests — namely, when visits could resume and whether they should be supervised (see Linda R. v Ari Z., 71 AD3d 465, 466 [1st Dept 2010]). Accordingly, we modify to delete that provision of the order only. Upon an application to resume the father's visits with the child, the applicant shall have the burden to demonstrate changed circumstances and that the modification requested is in the child's best interests (St. Clement v Casale, 29 AD3d 367, 368 [1st Dept 2006]), at which time the court may consider evidence that includes, but is not limited to, the testimony of a mental health expert about whether the father has gained insight into the child's medical and emotional needs and the impact of his behavior on the child.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 11, 2022