Matter of Mohammad M. v Sara R. (2025 NY Slip Op 02858)

Matter of Mohammad M. v Sara R.

2025 NY Slip Op 02858

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Docket No. V-00202-22, V-02029-22|Appeal No. 4312|Case No. 2024-06064|

[*1]In the Matter of Mohammad M., Petitioner-Respondent,
v
Sara R., Respondent-Appellant.

Larry S. Bachner, New York, for appellant.
The Kearney Law Group, New York (Cannon C. Kearney of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Pamela Scheininger, Ref.), entered on or about August 15, 2024, which, after a hearing, granted the father's petition for primary legal and physical custody of the subject child, unanimously affirmed, without costs.
Family Court's order has a sound and substantial basis in the record (see Matter of Gregory L.B. v Magdelena G., 68 AD3d 478, 479 [1st Dept 2009]). Although respondent mother had been the primary caregiver for several years, Family Court considered the totality of the circumstances and properly determined that the father was better able to address the child's educational and emotional needs, and provide a healthy and stable home environment for the child (see Matter of Nyron P. v Giselle A., 155 AD3d 545, 545-546 [1st Dept 2017]; see also Matter of Dedon G. v Zenhia G., 125 AD3d 419, 419-420 [1st Dept 2015]). The testimony adduced at trial and the documentary evidence showed that the child's school attendance and grades had dramatically improved since moving with the father to Tennessee. The child's encopresis had also essentially resolved. In contrast, the evidence showed that, while in the mother's care, the child was frequently absent or late to school and had little stability in her home life (see Nyron P., 155 AD3d at 545).
Contrary to the mother's contentions, Family Court did not deprive her of her right to counsel (see Family Ct Act § 262; Matter of Child Welfare Admin. v Jennifer A., 218 AD2d 694, 696 [2d Dept 1995], lv denied 87 NY2d 804 [1995]). Rather, Family Court assigned her two different attorneys and, after these attorneys withdrew due to a breakdown in communication, assigned her a legal advisor. That the court declined to assign a third attorney to the mother "does not mean that [the mother's] decision to proceed pro se was coerced or that the court deprived her of her right to counsel" (see Matter of Child Welfare Admin., 218 AD2d at 696).
We have considered the mother's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025