Matter of Darryl M. v Shaniqua D. (2025 NY Slip Op 05634)

Matter of Darryl M. v Shaniqua D.

2025 NY Slip Op 05634

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Docket No. V-26546/23, V-10105/24|Appeal No. 4921|Case No. 2025-01414|

[*1]In the Matter of Darryl M., Petitioner-Respondent,
v
Shaniqua D., Respondent-Appellant. 

Geoffrey P. Berman, Larchmont, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.

Order, Family Court, Bronx County (Tamara Schwarzman, R.), entered on or about February 20, 2025, which, after a hearing, to the extent appealed from as limited by the briefs, granted sole legal and physical custody of the subject child to petitioner father, unanimously affirmed, without costs.
There is a sound and substantial basis in the record for Family Court's determination that the child's best interests are best served by awarding sole legal and physical custody to the father with parenting time to the mother (see Matter of Tylaeya C. v Karl S., 187 AD3d 402, 402 [1st Dept 2020]; Elkin v Labis, 113 AD3d 419, 419 [1st Dept 2014]). The father was the child's primary caretaker and provided for the child's daily needs, as well as his medical and educational needs (see Matter of Jamel W. v Stacey J., 136 AD3d 552, 553 [1st Dept 2016]). Thus, the father was able to provide a stable and loving home for the child, where he could thrive mentally, emotionally, and academically (see Matter of Nyron P. v Giselle A., 155 AD3d 545, 545-546 [1st Dept 2017]; see also Matter of Dedon G. v Zenhia G., 125 AD3d 419, 419-420 [1st Dept 2015]).
The mother, on the other hand, visited with the child only eight times since he started living with the father and maintained only sporadic contact with him by text message (see Matter of Paul D. v Margarita O., 227 AD3d 439, 439-440 [1st Dept 2024]). Although the mother asserted that her failure to regularly visit arose from the father's refusal to accommodate changes to her work schedule, the mother acknowledged that she neither notified the court of these changes nor petitioned the court for a revision to the visitation schedule.
In rendering its decision, Family Court properly considered the child's position, as stated by attorney for the child, that he wished to remain with the father (see Matter of Lillette T. v Simone G., 231 AD3d 507, 508 [1st Dept 2024]). The mother also failed to preserve her argument that Family Court failed to adequately consider the child's separation from his half-sibling. In any event, the argument is unavailing. Although keeping children together is an important factor for the court to consider, it is not "an absolute" requirement (Matter of Dedon G. v Zenhia G., 125 AD3d 419, 420 [1st Dept 2015] [internal quotation marks omitted]). The record also supports a finding that the mother's home is not appropriate for the child because she continues to live with her partner, who has a history of domestic violence against the child and with whom the child wishes to have no contact.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025