Matter of T.W. v D.B. (2026 NY Slip Op 01866)

Matter of T.W. v D.B.

2026 NY Slip Op 01866

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Kapnick, Higgitt, Rosado, JJ. 

Docket No. V-03622-2/21A, V-03623-21/21A, V-03624-21/21A, V-03622-21/21B, V-03623-21/21B, V-03624-21/21B|Appeal No. 6212|Case No. 2023-05278|

[*1]In the Matter of T.W., Respondent,
vD.B., Appellant. 

Bruce A. Young, New York, for appellant.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered on or about October 19, 2023, which, after a hearing, to the extent appealed from as limited by the briefs, granted petitioner mother's application to modify the parties' custody order to award her sole legal and physical custody of the subject children, unanimously affirmed, without costs.
Family Court's determination that it was in the children's best interests to modify the prior custody order has a sound and substantial basis in the record, as the evidence demonstrates that there had been a substantial change of circumstances since issuance of the prior order awarding sole custody of the children to the father (see Matter of Evangelina C. v. Maksim K., 203 AD3d 536, 537 [1st Dept 2022]; Tsung v Tso, 190 AD3d 575, 576-577 [1st Dept 2021]). Specifically, the uncontroverted documentary evidence in the record makes clear that respondent father suffered from serious, untreated mental health issues that caused him to behave in an erratic manner, rendering him an unsuitable caretaker for the children. The father subjected the children to both physical and emotional abuse when they were in his care and, by his own admission, disciplined the children using a belt. The evidence also established that the father alienated the children from the mother, relocating them without cause several times and making it difficult for her to communicate with them (see Matter of Manuel John M. v Lisa Rossi M., 125 AD3d 407, 408 [1st Dept 2015], lv denied 25 NY3d 904 [2015]). Furthermore, the children's change in position, as reported by their attorney, while not controlling, was entitled to great weight and constituted a material change in circumstances particularly because two of the children were teenagers at the time (see Matter of Tropea v Tropea, 87 NY2d 727, 739 [1996]; Matter of Freyer v Macruari, 234 AD3d 755, 758 [2d Dept 2025]).
Furthermore, Family Court, having presided over the hearing, was able to observe the parties throughout the proceedings, and was therefore best positioned to evaluate their testimony, character, and sincerity. As a result, its findings are accorded great deference on appeal (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of Lisa W. v John M., 142 AD3d 879, 880 [1st Dept 2016]). There is no basis for disturbing the court's findings that the mother was a credible witness, and that the father's testimony was inconsistent, internally contradictory, and frequently nonresponsive (see Matter of Manuel John M., 125 AD3d at 408).
We have considered the father's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026